IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Big Stone Gap Division

ANGELA FLETCHER,

    Plaintiff

v.                                               Case No. _____

MITCH BROWN,

    Defendant

## COMPLAINT

Angela Fletcher, by counsel, states as follows:

1.     This is an action for damages brought pursuant to 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2.     Angela Fletcher is a citizen of the Commonwealth of Virginia. At all times pertinent to the claims stated herein, Defendant was a member of the Virginia State Police, acting in that capacity under the color of state law.

3.     On August 10, 2013, Plaintiff was a resident of Scott County, Virginia, married to a man who was, and continues to be, a Deputy Sheriff of Scott County, Virginia. Plaintiff and her husband had for some time prior to that date suffered marital problems. Her husband had told her previously that he, by virtue of his public law enforcement position, has personal relationships which he could rely upon, and that she would lose the children and all the marital property.

4.     On August 10, 2013, Plaintiff and her husband had an argument and he called for law enforcement to come to their home. Defendant Mitch Brown, who was a friend of her husband, arrived at the family home along with his Supervisor, Brian Hubbard, also a

friend of her husband. Plaintiff's husband told Brown and Hubbard that she had threatened to harm herself. They asked her whether she had done so. Plaintiff told them that she had in fact made such a statement to her husband during the argument, did not mean it and had said it only as part of the argument and out of concern for losing custody of the children, and that she had no intention of harming herself.

5. Defendant Brown told Plaintiff that he was taking her into custody to undergo an involuntary psychiatric evaluation. Brown did not have grounds under Virginia law, or the United States Constitution, to do so. Plaintiff refused to go with Brown who forcibly restrained her, drug her to the police car and placed her into the car with her hands and feet restrained. After she was in the car seat and restrained, Brown struck her across her shin with a law enforcement striking weapon referred to as an "asp," causing serious and permanent injury to her leg.

6. Plaintiff was first transported to the Scott County, Virginia, Sheriff's Office and then to Lonesome Pine Hospital, where she underwent a psychiatric evaluation and determined to not be a danger to herself. Brown did not request that she be treated for the injuries caused by the blow struck by him and she was not treated for that injury.

7. Brown then caused the issuance of a warrant for her arrest for the charge of resisting arrest, falsely informing the magistrate that Plaintiff had been placed under arrest when he had taken her into custody for an involuntary psychiatric evaluation. That charge later was terminated in Plaintiff's favor and dismissed with prejudice; however, prior to that dismissal and while the charge was still pending, the wrongful allegations made by defendant were utilized against her and to her prejudice by Plaintiff's then

husband in judicial proceedings regarding the marriage and custody of their minor children, as had been threatened by him prior to his call to Defendant.

8. Plaintiff was wrongfully restrained and held in the regional jail for several days until a bond was set by a magistrate and she was released on bond. During her incarceration, she was not provided treatment for her leg injury despite her complaints.

9. The Defendant wrongfully acted under color of state law to intentionally and maliciously institute and cause the arrest and seizure of the person and body of Plaintiff Angela Fletcher against her will for involuntary psychiatric examination in violation of the statute's of the Commonwealth of Virginia and in violation of her right to be secure in her person from arrest under the Fourth Amendment to the United States Constitution.

10. The Defendant wrongfully acted under color of state law to intentionally and maliciously institute and cause the arrest and criminal prosecution of upon sworn statements made while knowing the statements to be untrue in violation of Plaintiff's right to be secure in her person from arrest under the Fourth Amendment to the United States Constitution.

11. The Defendant wrongfully acted under color of state law to intentionally and maliciously use and inflict upon Plaintiff excessive and unnecessary force in the the arrest of Plaintiff in violation of the Fourth Amendment to the United States Constitution.

12. As a direct and proximate result of Defendant's wrongful acts, Plaintiff suffered substantial injuries, including temporary and permanent bodily injury, pain and suffering, loss of her freedom, humiliation and embarrassment, alienation from her children, worry and emotional distress.

13. The Defendant's wrongful acts were done intentionally and maliciously and Plaintiff is entitled to punitive damages.

**TRIAL BY JURY IS DEMANDED.**

Wherefore, Plaintiff demands judgment against the Defendants in the amount of $750,000.00 in compensatory and punitive damages, attorney fees and expenses, and her costs expended.

ANGELA FLETCHER

BY COUNSEL    Michael A. Bragg      /s/
Michael A. Bragg (VSB No. 16797)
Bragg Law
P. O. Box 1866
Abingdon, Virginia 24212
276-628-9160